UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY BACHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAVEZ, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-00652-TLN-CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.　　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule Creek State Prison. Plaintiff names four correctional officers at Mule Creek as defendants in this action along with Delores Johnson, a John Doe correctional counselor, a John Doe prison inmate, and a John Doe correctional officer. ECF No. 1 at 2-3.

In his first cause of action, plaintiff alleges that a John Doe correctional counselor conspired with a John Doe inmate to fraudulently send $850.00 from his inmate trust account to Delores Johnson. ECF No. 1 at 4. Plaintiff did not authorize the withdrawal of this money from his account. ECF No. 1 at 4. He contends that this violated his right to due process.

In his second claim, plaintiff describes telling defendants Chavez and Lamott that he was getting beaten by his cell mate and that he needed to be moved to a new cell. ECF No. 1 at 5. A different correctional counselor moved plaintiff to a different cell, but his new cellmate

threatened to hurt him. Plaintiff once again alerted defendant Chavez about the problems with his new cellmate. Id. Defendant Chavez responded that he could not move him to a new cell on that day. Id. Plaintiff then told defendants Martin and Frietas that he "was in a kill or be killed situation." Id. After taking him to the cage on the prison yard, defendants Martin and Frietas returned plaintiff to his cell. Id. As a result, plaintiff became suicidal and began to cut his wrists. Id.

In his third claim for relief, plaintiff alleges a denial of due process based on a conspiracy to steal his property from his cell once he was removed from it after becoming suicidal. ECF No. 1 at 7. He attaches a list of property items that were stolen by unnamed individuals. ECF No. 1 at 8.

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the complaint.

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

#### B. Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of

3

the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. The court concludes that this claim must, therefore, be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2).

**C. Civil Conspiracy**

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

**IV.   Analysis**

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment claim of deliberate indifference to his health and safety by defendants Chavez, Lamott, Martin and Frietas. However, the remaining claims fail to state a claim upon which relief can be granted for the reasons explained below. Plaintiff has the option of proceeding immediately on the Eighth Amendment claims against defendants Chavez, Lamott,

Martin and Frietas, or he may attempt to cure the defects against the remaining defendants and claims by filing an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the Eighth Amendment claims against defendants Chavez, Lamott, Martin, and Frietas that were found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

The civil conspiracy alleged in claims one and three are entirely conclusory. See Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff does not provide a sufficient factual basis to establish any meeting of the mind between the named defendants. Moreover, plaintiff does not explain how Delores Johnson or John Doe prison inmate were acting under color of state law. The Civil Rights Act under which this case proceeds does not provide for a cause of action against private individuals such as Delores Johnson and the John Doe prison inmate. Accordingly, the court finds that the allegations in the complaint fail to state cognizable conspiracy claims against any defendant.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.     Plain Language Summary

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment claims against defendants Chavez, Lamott, Martin, and Frietas; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Chavez, Lamott, Martin, and Frietas or of amending the complaint to fix the deficiencies with the remaining claims and defendants.
2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

/////
/////
/////
/////
/////

3.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  August 1, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bach0652.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY BACHA, | No. 2:22-cv-00652-TLN-CKD |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| CHAVEZ, et al., | |
| Defendants. | |

**Check only one option:**

\_\_\_\_\_   Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Chavez, Lamott, Martin, and Frietas.  Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

\_\_\_\_\_   Plaintiff wants time to file an amended complaint.


DATED:




_____
Plaintiff